Mark L. Javitch
JAVITCH LAW OFFICE
480 S. Ellsworth Avenue
San Mateo, California 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*
and those similarly situated

# IN THE UNITED STATES DISTRICT COURT FOR

## THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRENCE SHANAHAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JUICIFY, INC., an Illinois corporation, d/b/a JUICIFY<br><br>Defendant. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

1.  Plaintiff TERRENCE SHANAHAN ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant JUICIFY, INC., ("Defendant" or "Juicify") to stop their illegal practice of sending text messages to the cellular telephones of consumers registered on the Federal Do Not Call Registry, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## NATURE OF THE ACTION

2. Defendant Juicify operates retail stores in the Chicago, Illinois area. As a part of their marketing, Juicify sends text messages to consumers' phones nationwide without permission.

3. Juicify does not obtain express written consent prior to sending these text messages and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls and texts exactly like the ones alleged in this case, based on Defendant's use of technological equipment to spam consumers with its advertising on a grand scale.

6. By placing the texts at issue, Juicify violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented texting, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff TERRENCE SHANAHAN is a natural person and is a citizen of Omaha, Nebraska.

9. Defendant JUICIFY, INC. is a corporation organized and existing under the laws of the state of Illinois with its principal place of business at 2904 N. Ashland Ave., Chicago IL 60657.

10. The registered agent for Juicify. is Nikolas R. Boskovich, 1341 W. Fullerton Ave, #210, Chicago, Illinois, 60614.

## JURISDICTION AND VENUE

11. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

12. This Court has specific personal jurisdiction over Defendant Juicify because Defendant caused the injury to Plaintiff in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

14. Defendant Juicify sells juice through retail stores in Chicago.

15. Juicify caused unsolicited text messages to be sent to thousands of cellular phones numbers.

16. Unfortunately, Juicify failed to obtain consent from Plaintiff and the Class before bombarding them with these illegal voice recordings.

## FACTS SPECIFIC TO PLAINTIFF

17. On September 14, 2020, Plaintiff received a text on his cellular phone ending in 1146 from 833-539-0713.

18. The text appeared to be sent en masse, as it was a general message advertising Defendant's products.

19. The text messages said: "Unlock your BEST self with our innovative cleanse lineups.  FREE Delivery + good vibes guaranteed.  Order now for T/Th/Su delivery."

20. When Plaintiff clicked the link in the message, it took him to the page https://hi-vibe.com/pages/lets-cleanse, which is a website operated by Defendant.

21. The next message, received about the same time, said "You've agreed to receive messages from HI-VIBE.  Reply STOP to unsubscribe or HELP for help.  Msg & Data rates may apply."

22. On September 18, 2020, September 22, 2020, and September 25, 2020, Plaintiff received additional unsolicited text messages.

23. Plaintiff never consented to receive texts from Defendant. Plaintiff had visited Defendant's store in Chicago but never gave consent to receive text messages. Plaintiff is registered on the federal Do Not Call registry.

24. Defendant's texts violated Plaintiff's statutory rights and caused actual and statutory damages.

25. In addition to causing statutory damages, these illegal texts caused annoyance, intrusion on privacy and seclusion, and wasted time to Plaintiff.

## CLASS ALLEGATIONS

26. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **DNC List Class**. All persons in the United States who: (1) from the last 4 years to present (2) received at least one text message; (3) on his or her telephone number that was registered on the Do Not Call list; (4) for the purpose of selling Defendants' products and/or services

27. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

28. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed texts to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

29. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited texts.

30. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously

prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

31. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. Whether Defendant violated the TCPA;
   b. Whether Plaintiff and the Class received text messages to their cellular phones;
   c. Whether the texts were caused by Defendant;
   d. Whether the texts promoted Defendant's products and services;
   e. Whether Defendant obtained express consent prior to the texts;
   f. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendant's conduct.

33. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of

this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(c)**
**(On behalf of Plaintiff and the DNC Class)**

34. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

35. The telephone numbers of Plaintiff and the DNC Class are registered on the Do Not Call Registry.

36. Plaintiff registered his phone number ending in 1146 on the DNC List on December 17, 2004.

37. Defendants and/or their agent sent text messages to Plaintiff's and the Class members' DNC-registered telephones without having their prior written consent to do so.

38. The foregoing acts and omissions of Defendants and/or their agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

39. Defendants' texts were made for a commercial purpose.

40. Plaintiffs are entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

41. Plaintiffs are entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

42. Plaintiffs also seek a permanent injunction prohibiting Defendants and their agents from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff TERRENCE SHANAHAN, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff TERRENCE SHANAHAN as the Class representative and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violates the TCPA;

C. An order declaring that Defendant's actions, as set out above, violates the TCPA willfully and knowingly;

D. An injunction requiring Defendant to cease all unlawful texts without first obtaining the call recipients' written express consent to receive such texts, and otherwise protecting interests of the Class;

E. An award of actual damages and/or statutory fines and penalties;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: June 26, 2021

                                              Respectfully submitted,

                                              TERRENCE SHANAHAN, individually and on behalf of all others similarly situated,

                                              Mark L. Javitch
                                              Javitch Law Office
                                              480 S. Ellsworth Avenue
                                              San Mateo, California 94401
                                              Telephone: (650) 781-8000
                                              Facsimile: (650) 648-0705
                                              mark@javitchlawoffice.com

                                            *Attorneys for Plaintiff and the Putative Class*